# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DELARICK W. EVANS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BUREAU OF INDIAN AFFAIRS, )<br>)<br>Defendant. )<br>_____ ) | Case No. 18-1205-JWB-KGG |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Delarick W. Evans has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 4, sealed). After review of Plaintiff's motion, as well as the affidavit and Complaint, the Court **GRANTS** the IFP application.

## ANALYSIS

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

1

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 42 and single with no dependents. (Doc. 4, sealed, at 1-2.) He is not currently employed but previously worked at Wendy's making a modest income. (*Id.*, at 3.) He receives a small amount of government benefits and his apartment rent and health insurance are covered by a charitable program. (*Id.*, at 4-5.) He receives his groceries from a food pantry. (*Id.*, at 5.) He lists no cash on hand, no other bills and has never filed bankruptcy. (*Id.*, at 4, 5, 6.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of July, 2018.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge