IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DELARICK EVANS,

        Plaintiff,

v.                                                    Case No. 18-1205-JWB

BUREAU OF INDIAN AFFAIRS,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Bureau of Indian Affairs' motion to dismiss for lack of subject matter jurisdiction. (Doc. 12.) Plaintiff has not filed a response and the time for doing so has now passed. For the reasons stated herein, Defendant's motion is GRANTED.

**I.    Facts and Procedural History**

Plaintiff Delarick Evans is the grandson of Helen Elenore Williams ("Williams"). Williams died testate on August 6, 2011. Williams was an Athabaskan Indian and owned interests in real property that is under the jurisdiction of the Secretary of the Interior. The Office of Hearing and Appeals (OHA), under the Department of the Interior, opened a probate matter to determine the validity of Williams' will and settle her estate. (Doc. 13, Exh. A at USA_00009.)[1]

The OHA provided notice of the initial hearing to various interested parties. The record indicates that Evans was provided notice on November 9, 2017. (Ex. A, USA_00165-167.) On November 17, Evans filed a notice in the probate action, stating that he was an interested party and

---

[1] As this motion challenges this court's subject matter jurisdiction, the court may consider documents and affidavits in deciding the motion. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). As Plaintiff has not challenged the authenticity of the administrative record produced by the government, the court will consider the record in deciding the motion.

1

that he was a direct descendant of Williams. Plaintiff also gave notice of his correct address. (Ex. A, USA_00147-149.)

The probate hearing was held on December 12, 2017. Plaintiff appeared by telephone. (Ex. A, USA_00163.) On March 9, 2018, U.S. Indian Probate Judge Stancampiano issued a decision. As a result of the decision, Plaintiff did not receive a distribution from Williams' property. (Ex. A, USA_00009-15.) A Notice regarding the decision was mailed to Plaintiff at his address of record. (Ex. A, USA_00006-7.) The Notice advised Evans that a decision was entered and that it would become final in thirty days unless a written petition for rehearing was filed with the OHA. The Notice also attached the decision by the probate judge. The decision also stated that it was a final decision unless a petition for rehearing was filed in accordance with 43 C.F.R. § 30.238.

The administrative record indicates that Plaintiff did not file a petition for rehearing. Plaintiff also did not file an appeal to the Interior Board of Indian Appeals (IBIA). On July 13, 2018, Plaintiff filed this action against the Bureau of Indian Affairs (BIA). (Doc. 1.) Plaintiff states that he seeks "an order of relief that all probate matters of said native be decided weighing native blood." (Doc. 1 at 4.) Plaintiff alleges that this court has jurisdiction over this action based on 28 U.S.C. § 1343 and 43 U.S.C. § 1602(b). Plaintiff also indicates that these claims have been presented to the BIA. (Doc. 1 at 5.)

The BIA now moves to dismiss on the basis that the United States has not waived its sovereign immunity and therefore this court lacks subject matter jurisdiction over this action.

**II.    Motion to Dismiss Standards**

Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Motions to

dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). In this case, the BIA presents both a facial and factual attack on Plaintiff's complaint.

Plaintiff has failed to respond to the motion. Under Local Rule 7.4, the court will ordinarily consider the motion as uncontested and it will be granted. Additionally, as the motion challenges this court's jurisdiction and the burden to establish jurisdiction falls on Plaintiff, the motion can be granted on the basis that Plaintiff failed to meet his burden. The court further finds that the motion to dismiss can be granted on the merits for the reasons stated herein.

**III. Analysis**

The BIA moves for dismissal on the basis that the United States has not waived its sovereign immunity in this matter. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Administrative Procedures Act ("APA") contains a limited waiver and permits a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to seek judicial review. 5 U.S.C. § 702.

**A. Challenge to Agency Action**

Liberally construing Plaintiff's complaint, Plaintiff seeks review of the BIA's decision regarding the distribution of Williams' property. The BIA asserts that Plaintiff has failed to exhaust his administrative remedies under the APA. Under the APA, **final** agency actions for

3

which there are no other adequate remedies in a court are subject to judicial review. 5 U.S.C. § 704. The actions of BIA officials, including those of an "Indian probate judge," are not final unless administrative remedies have been exhausted by a decision on appeal. *See* 43 C.F.R. § 4.314; *see also Coosewood v. Meridian Oil Co.*, 25 F.3d 920, 924–25 (10th Cir. 1994). The exhaustion requirement "recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 550 (10th Cir. 2001) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

Under the BIA regulations, any interested party may petition for rehearing. 43 C.F.R. § 30.238. An interested party may also appeal a decision by a probate judge. *See* 43 C.F.R. § 4.320 and 4.321. Plaintiff was notified of his right to petition for rehearing. Plaintiff did not petition for rehearing. Plaintiff also did not appeal the decision. Therefore, Plaintiff has failed to exhaust his administrative remedies.

### B. Other Jurisdictional Grounds

Plaintiff's complaint also identifies 43 U.S.C. § 1602(b) and 28 U.S.C. § 1343 as the basis for this court's jurisdiction. Section 1602(b) is a definition section for the term "native." It does not provide for a private right of action and does not include a provision waiving the United States' sovereign immunity. Section 1343 identifies four different categories of actions that may be brought in federal court. Liberally construing Plaintiff's complaint, Plaintiff does not bring a cause of action under any of these categories. *See* Doc. 13 at 5-6.

The court finds that Plaintiff has not identified a cause of action based on a federal law that waives the BIA's sovereign immunity. Moreover, liberally construing the complaint, the court

finds that it fails to state a claim against the BIA.[2] *See* 42 U.S.C. § 1915(e)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

**IV.     Conclusion**

The BIA's motion to dismiss (Doc. 12) is granted. Plaintiff's complaint is dismissed, without prejudice.

IT IS SO ORDERED this 11th day of December, 2018.

     s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff has attempted to state a claim against the United States, the claim is also dismissed for the reasons stated herein. See 42 U.S.C. § 1915(e)(2).